IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KATHRYN M. GRAY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | Judge |
| | ) | Magistrate Judge |
| **ARROW ELECTRONICS, INC.,** | ) | |
| A New York corporation, | ) | |
| | ) | |
| Defendant, | ) | |

## COMPLAINT

NOW COMES Plaintiff, Kathryn Gray, by and through her attorneys, Barney & Karamanis, LLP, and complaining against Defendant Arrow Electronics, Inc., hereby states as follows:

## PARTIES

1. At all times relevant, Plaintiff, Kathryn Gray, was and is an individual residing in East Dundee, Illinois.

2. Defendant Arrow Electronics, Inc. ("Arrow"), is a New York corporation with its principal place of business in Melville, New York.

3. Plaintiff Kathryn Gray was a former employee of Defendant Arrow Electronics, Inc.

4. Defendant Arrow Electronics is a global provider of products, services and solutions to industrial and commercial users of electronic components and enterprise computing solutions.

1

## JURISDICTION AND VENUE

5. Jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331, and involves violations of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §621 *et seq.* and also violations of Title VII of the Civil Rights Act for discrimination based on Plaintiff's sex.

6. Venue is proper in the instant case pursuant to 28 U.S.C. § 1391(b)(2), since a substantial part of the events and/or omissions giving rise to claims herein occurred within this judicial district.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff Kathryn Gray was a sixty-eight (eight) year old woman who has worked as a successful sales representative for over twenty-seven years.

8. In or around October of 1989, Plaintiff Kathryn Gray began her employment with Anthem Electronics, which would later become known as Defendant Arrow Electronics, Inc. in 1994.

9. When Plaintiff was first employed her job title was that of an outside sales representative, and she handled certain accounts including Mitsubishi and Zebra because she had already cultivated relationships with both entities.

10. From 1989 to 1995 Plaintiff worked as one of the top sales representatives for Anthem Electronics, and generated millions of dollars in profits for the corporation.

11. Anthem awarded Gray perks and recognition because of her outstanding sales and her branch's overall annual performance.

12. In or around 1995, Arrow Electronics, Inc. purchased Anthem as the result of a merger, and Plaintiff Gray was assigned to the Alliance Group as a Field Account Manager.

13. As the Field Account Manager, Plaintiff handled three primary accounts, including certain government contracts and again flourished.

14. In or around 2006 and 2007, Plaintiff began to split her time between Alliance and the local branch of Arrow in order to handle her multiple accounts.

15. In or around December of 2013, William Wray, a manager at Defendant Arrow, that if Plaintiff wished to stay with Arrow Electronics that she would need to switch from full to part time.

16. Wray informed Plaintiff Gray that another division recently purchased by Defendant Arrow would be absorbing her local branch accounts.

17. Plaintiff would later discover that her accounts were transferred to a younger, male sales representative from the same local branch.

18. Plaintiff Gray worked part time for approximately one year and without having been offered her old accounts back.

19. On or about January 19, 2015, Plaintiff Kathryn Gray was called into a telephone conference with a manager of Arrow's human resources department, and her manager William Wray.

20. During that meeting Wray and the HR director informed Gray that her position was being terminated and her accounts were being transferred.

21. On or about January 19, 2015, Plaintiff Kathryn Gray was terminated from Arrow's employment.

22. During her final year with Defendant Arrow, and despite only working part time, Plaintiff was still generating 300% of her expected sales.

23. Immediately following her termination, her accounts and position were filled by three young, male, sales representatives who had been hired after Plaintiff was brought down to part-time due to a supposed lack of work.

24. Plaintiff was never disciplined, censured, or otherwise punished for any shortcomings, and was for all intents and purposes one of the most profitable and valuable employees Arrow Electronics employed.

25. Defendant Arrow's termination of Plaintiff was without just cause and was solely based on Plaintiff's age and gender.

26. Defendant's actions necessitated the filing of a claim with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission on July 16, 2015, and subsequently this lawsuit.

## COUNT I: AGE DISCRIMINATION
**Violations of the Age Discrimination in Employment Act 29 U.S.C. §621 *et seq.***

1-26. Plaintiff repeats and realleges Paragraphs 1 through 26 of this Complaint as and for Paragraphs 1 through 26 of this Count I as if fully set forth herein.

27. At all relevant times, Plaintiff was over the age of forty (40), and was in fact over sixty (60) years old when the incidents giving rise to this case occurred.

28. Plaintiff was employed with Defendant Arrow Electronics since its purchase of her original employer Anthem Electronics back around 1995.

29. Plaintiff had performed her job with Arrow Electronics in not only a satisfactory manner for twenty years, but had exceeded all expectations and routinely grossed incredible profits for Defendant Arrow.

30. Plaintiff was suddenly and without cause terminated from Defendant's employment on or about January 19, 2015, and the sole reasons for that termination were Plaintiff's age and sex.

31. Defendant's excuse that her position was being terminated was false as evidenced by Defendant's moving up three new employees into Plaintiff's sales positions.

32. Plaintiff Gray was replaced by younger, male sales representatives despite her stellar work performance.

33. Defendant Arrow was prohibited from discrimination based on Plaintiff's age by law, and Defendant violated that law when it terminated Plaintiff from its employ.

34. As a direct and proximate result of Defendant Arrow's wrongful termination and conduct, Plaintiff Kathryn Gray was damaged economically and emotionally.

WHEREFORE, Plaintiff Kathryn Gray, by and through her attorneys, Barney & Karamanis, LLP, respectfully prays that this Honorable Court find Defendant, Arrow Technologies, Inc., liable for age discrimination and violations of ADEA, award Plaintiff an amount in excess of $75,000.00, award punitive damages in an amount to be determined, and award such further or other relief for Plaintiff that this Court deems just and equitable.

### COUNT II: SEX/GENDER DISCRIMINATION
### Violations of Title VII of the Civil Rights Act.

1-34. Plaintiff repeats and realleges Paragraphs 1 through 34 of this Complaint as and for Paragraphs 1 through 34 of this Count I as if fully set forth herein.

35. At all relevant times, Plaintiff Kathryn Gray is and was at all times a female over the age of forty (40) years old when she was discriminated against.

36. Plaintiff was employed with Defendant Arrow Electronics since its purchase of her original employer Anthem Electronics back around 1995.

37. Plaintiff had performed her job with Arrow Electronics in not only a satisfactory manner for twenty years, but had exceeded all expectations and routinely grossed incredible profits for Defendant Arrow.

38. Plaintiff was suddenly and without cause terminated from Defendant's employment on or about January 19, 2015, and the sole reasons for that termination were Plaintiff's age and sex.

39. Defendant's excuse that her position was being terminated was false as evidenced by Defendant's moving up three new employees into Plaintiff's sales positions.

40. Plaintiff Gray was replaced by younger, male sales representatives despite her stellar work performance.

41. Defendant Arrow was prohibited from discrimination based on Plaintiff's sex by law, and Defendant violated that law when it terminated Plaintiff from its employ.

42. As a direct and proximate result of Defendant Arrow's wrongful termination and conduct, Plaintiff Kathryn Gray was damaged economically and emotionally.

WHEREFORE, Plaintiff Kathryn Gray, by and through her attorneys, Barney & Karamanis, LLP, respectfully prays that this Honorable Court find Defendant, Arrow Technologies, Inc., liable for age discrimination and violations of Title VII of the Civil Rights Act, award Plaintiff an amount in excess of $75,000.00, award punitive damages in an amount to be determined, and award such further or other relief for Plaintiff that this Court deems just and equitable.

### COUNT III: AGE AND SEX DISCRIMINATION
### Violations of the Illinois Human Rights Act 775 ILCS 5/1-101 *et seq.*

1-42. Plaintiff repeats and realleges Paragraphs 1 through 42 of this Complaint as and for Paragraphs 1 through 42 of this Count I as if fully set forth herein.

6

43. At all relevant times, Plaintiff Kathryn Gray is and was at all times a female over the age of forty (40) years old when she was discriminated against.

44. Plaintiff was employed with Defendant Arrow Electronics since its purchase of her original employer Anthem Electronics back around 1995.

45. Plaintiff had performed her job with Arrow Electronics in not only a satisfactory manner for twenty years, but had exceeded all expectations and routinely grossed incredible profits for Defendant Arrow.

46. Plaintiff was suddenly and without cause terminated from Defendant's employment on or about January 19, 2015, and the sole reasons for that termination were Plaintiff's age and sex.

47. Defendant's excuse that her position was being terminated was false as evidenced by Defendant's moving up three new employees into Plaintiff's sales positions.

48. Plaintiff Gray was replaced by younger, male sales representatives despite her stellar work performance.

49. Defendant Arrow was prohibited from discrimination based on Plaintiff's age and/or sex by the Illinois Human Rights Act, and Defendant violated that law when it terminated Plaintiff from its employ.

50. As a direct and proximate result of Defendant Arrow's wrongful termination and conduct, Plaintiff Kathryn Gray was damaged economically and emotionally.

WHEREFORE, Plaintiff Kathryn Gray, by and through her attorneys, Barney & Karamanis, LLP, respectfully prays that this Honorable Court find Defendant, Arrow Technologies, Inc., liable for age discrimination and violations of the Illinois Human Rights Act 775 ILCS 5/1-101 *et seq*., award Plaintiff an amount in excess of $75,000.00, award punitive

damages in an amount to be determined, and award such further or other relief for Plaintiff that this Court deems just and equitable.

## COUNT IV: BREACH OF AN EMPLOYMENT CONTRACT

1-50. Plaintiff repeats and realleges Paragraphs 1 through 50 of this Complaint as and for Paragraphs 1 through 50 of this Count I as if fully set forth herein.

51. At all relevant times, Plaintiff Kathryn Gray is and was at all times a female over the age of forty (40) years old when she was discriminated against.

52. Plaintiff was employed with Defendant Arrow Electronics since its purchase of her original employer Anthem Electronics back around 1995.

53. Plaintiff had performed her job with Arrow Electronics in not only a satisfactory manner for twenty years, but had exceeded all expectations and routinely grossed incredible profits for Defendant Arrow.

54. On information and belief, Defendant maintained an employee handbook and code of conduct, which detailed that it would not and cannot discriminate against its employees on the basis of age or gender.

55. This handbook and code of conduct acted as an employment contract that Plaintiff fully performed under and exceeded expectations.

56. Plaintiff was suddenly and without cause terminated from Defendant's employment on or about January 19, 2015, and the sole reasons for that termination were Plaintiff's age and sex.

57. Defendant's excuse that her position was being terminated was false as evidenced by Defendant's moving up three new employees into Plaintiff's sales positions.

58. Plaintiff Gray was replaced by younger, male sales representatives despite her stellar work performance.

59. Defendant Arrow was prohibited from discrimination based on Plaintiff's age and/or sex by the Illinois and Federal law, and Defendant violated that law when it terminated Plaintiff from its employ.

60. Defendant breached the terms of that contract / handbook when it terminated Plaintiff solely on the basis of her age and sex.

61. As a direct and proximate result of Defendant Arrow's wrongful termination and conduct, Plaintiff Kathryn Gray was damaged economically and emotionally.

WHEREFORE, Plaintiff Kathryn Gray, by and through her attorneys, Barney & Karamanis, LLP, respectfully prays that this Honorable Court find Defendant, Arrow Technologies, Inc., liable for age discrimination and breach of an employment contract, award Plaintiff an amount in excess of $75,000.00, award punitive damages in an amount to be determined, and award such further or other relief for Plaintiff that this Court deems just and equitable.

**TDI GLOBAL SOLUTIONS, INC.**

By: _____s/James A. Karamanis_____
        One of her Attorneys

James A. Karamanis (ARDC #6203479)
Kenneth A. Nazarian (ARDC # 6309765)
Barney & Karamanis, LLP
Two Prudential Plaza
180 N. Stetson, Ste 3050
Chicago, Illinois 60601
Tel.: 312/553-5300